■ The People of the State of New York, Respondent, v Atahualpa Rodriguez, Appellant. [786 NYS2d 175]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered February 7, 2003, convicting defendant, after a nonjury trial, of criminal possession of a controlled substance in the first and third degrees, and sentencing him to an aggregate term of 15 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). During the processing of an arrest, the arrestee's cell phone was on a table along with other property recovered from his person. When the phone rang, the arrestee volunteered "that is probably the guy with the stuff" and a police officer, suspecting a drug deal, answered the phone.

Defendant, thinking that he was speaking to the arrestee, implicated himself in a drug transaction. The arrestee gave police a description of defendant and, through subsequent calls by defendant to the cell phone, the police set up a meeting and arrested defendant.

We reject defendant's argument that the officer's actions in answering the cell phone and conversing with defendant constituted unlawful warrantless interception of a telephone communication. 18 USC § 2511 (2) (c) makes it lawful for "a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." Here, because a police officer was a party to the conversations on the arrestee's cell phone, and was acting under color of law based on that person's statement that a drug deal was in progress, there was no unlawful interception (*see United States v Passarella*, 788 F2d 377 [6th Cir 1986]; *United States v Vasquez*, 1999 WL 33604504, 1999 US Dist LEXIS 13301 [ND Ill, Aug. 25, 1999]). The officer's failure to identify himself to defendant did not render his conduct unlawful (*see Hoffa v United States*, 385 US 293 [1966]; *Lewis v United States*, 385 US 206 [1966]; *Passarella*, 788 F2d at 380).

Similarly, there was no constitutional violation. Defendant, the caller, voluntarily chose to speak to the person answering the phone, assuming the risk that it was not the person he intended to speak with; he had no legitimate privacy interest in the conversations he unwittingly chose to have with the officer; and he had no standing to challenge the police action of answering the arrestee's phone (*see United States v Congote*, 656 F2d 971 [5th Cir 1981]; *United States v Seinfeld*, 632 F Supp 622 [ED NY 1986]). Concur—Tom, J.P., Mazzarelli, Saxe, Sullivan and Friedman, JJ.